IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL W. PRICE,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>MATTHEW CATE,[1] Secretary, California Department of Corrections and Rehabilitation,<br><br>　　　　　　Respondent. | No. 2:11-cv-01315-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 47] |

　　　　Gabriel W. Price, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Price is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Pleasant Valley State Prison. Respondent has answered. Price has not replied. At Docket No. 47 Price filed a Motion to Hold the Petition in Abeyance. Respondent has opposed the motion, and Price has replied.

PENDING MOTION

　　　　In his motion Price alleges that during a move from the California State Prison, Los Angeles, to the California Substance Abuse Treatment Facility in May 2010, a box containing his legal papers was lost and has not been replaced. Respondent does not dispute this fact. Price requests that this Court hold this proceeding in abeyance and order the Respondent to provide him the legal papers lost at no cost, including his trial papers and documents on appeal.

---

　　　　[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation is substituted for the Department of Corrections and Rehabilitation. Fed. R. Civ. P. 25(d).

The record reflects that Price exhausted his administrative remedies within the Department of Corrections and Rehabilitation.[2] At the Director Level, his appeal was denied:

> A. FINDINGS: The Director's Level of Review (DLR) finds that CDC Form 128-B, General Chrono dated January 13, 2011 indicates that on said date the appellant was escorted to the SATF R&R to receive items from R&R staff. The DLR notes that the issuance of the items was to comply with the decision made at the SLR. The DLR acknowledges that the compensation that was offered was a 13 inch RCA television valued at $149.95 and approximately $100 worth of cosmetic and canteen items. The DLR notes that the appellant refused to accept compensation and chose to take his appeal to the next level. The appellant is advised that according to California Code of Regulations, Title 15, Section (CCR) 3084.7(e)(2)(B), an appellant's refusal to accepl repair, replacement. or substitution of like items and value shall be cause to deny the appeal. Furthermore, the DLR notes that the appellant has not provided any documentation to indicate that the compensation offered by the institution did not suitably replace the items that were lost. In view of the above, justification for intervention at the DLR has not been established.[3]

In his opposition Respondent contends that Price's motion should be denied. First, Respondent contends that because all of his grounds are unexhausted the Petition must be dismissed because Price he has not shown good cause for a stay. Second, with respect to Price's contention that Respondent should be compelled to replace his documents, Respondent argues:

> While it appears that prison officials admitted their error and attempted to compensate [Price] for the value of his lost property, [Price] refused to accept the compensation and failed to provide documentation to indicate that the institution's compensation did not suitably replace the lost items. (*See* Exh. AA.) Certainly due diligence would have required that [Price] contact the superior court to determine the cost to recreate the record and provide that information to prison officials if he believed that he had not been offered reasonable compensation for his loss. Moreover, the lack of transcripts did not prevent [Price] from attempting to exhaust Grounds 3, 5, and 10 of the federal petition, which demonstrates that [Price] could

---

[2] It does not appear from the record that Price sought further review from the California Victims Compensation and Government Claims Board. This Court is of the opinion that to compel Price to further exhaust his state remedies in this regard would simply further delay these proceedings and be of no benefit to the parties or in the interests of judicial efficiency.

[3] Docket No. 47 at 8-9.

have presented his remaining claims to the state court to satisfy the exhaustion requirement.

In addition, [Price] has failed to show that his unexhausted claims are not plainly meritless. Regarding his claim of jury tampering (Ground 1), [Price] has failed to identify when the incident occurred, the document that the juror found, how the court resolved the issue, and how he suffered any prejudice. As to his claim of juror misconduct (Ground 2), [Price] has failed to identify when he became aware of the alleged bias, whether the information came to light during voir dire, or how the court responded to the allegation of juror bias. Regarding his claim of mental incompetency (Ground 4), [Price] has failed to attach any medical records or other evidence showing that he suffered from a severe mental illness during the proceedings. As for his claim that he suffered improper dual punishment in violation of double jeopardy principles (Ground 6), [Price] has failed to identify what conduct he received double punishment for, or what the double punishment was, or how he was doubly punished. With regard to his claim that the prosecutor committed misconduct (Ground 7), [Price] has failed to reference specific instances when the prosecutor engaged in conduct that rendered his trial fundamentally unfair, or how any alleged misconduct had a "substantial and injurious effect or influence on the jury's verdict." In addition, as Respondents explained in both the original and supplemental answer, [Prices's] claim of "state interference" (Ground 8) does not challenge the legality of his custody and, therefore, is not cognizable on federal habeas. And finally, with regard to his claim that the trial court should have granted a mistrial (Ground 9), [Price] has failed to state whether trial counsel ever made a motion for a mistrial on the basis that the victim and a witness were present in the courtroom during jury selection, when these individuals were in the courtroom and for how long, whether any prospective jurors came into contact with these individuals, or how he suffered any prejudice.[4]

This Court rejects Respondent's arguments. While it may be true that Price's grounds may be at least partially unexhausted and/or procedurally barred and possibly meritless, in the absence of his state-court records preceding the date he filed his second petition for habeas relief in the state courts in June 2011,[5] Price is not only hampered in his ability to seek habeas relief in this Court, he was hampered in seeking relief in the state courts in his second round of habeas petitions. While Price may very well may have requested the superior court provide him with an

---

[4] Docket No. 48 at 4-5.

[5] Lodged Document No. 19.

estimated cost of replacing his legal papers, Price did request that his legal papers be returned. Nowhere in the administrative appeal process was Price ever advised that he needed to obtain the estimated cost of replacing his legal papers; indeed, the request for return of his legal papers was never addressed at all.  In the interests of justice, Price must be given every reasonable opportunity to seek appropriate relief in this Court, which includes access to the state-court records necessary to formulate, support with factual allegations, and cogently argue his grounds for relief.  That opportunity is severely impaired when the State declines to replace a petitioner's legal papers that would permit the petitioner to intelligently develop the legal issues and provide the facts Respondent contends were omitted, papers the State was admittedly responsible for losing.  This Court would be remiss if it were to deny Price relief on the basis of a record that, through no fault of his own, Price does not and did not have access to at the time he filed his Petition.  The Court declines to take such action.

While replacement of those legal papers copies of which that may be obtained from the records of the California state courts is possible, Respondent obviously lacks the ability to replace Price's personal papers, e.g., his notes, research, work product and similar items that are not part of the state-court records.  This Court cannot order Respondent to do an act that is a practical impossibility.

ORDER

**IT IS THEREFORE ORDERED THAT**, within **twenty-one (21) days** of the date of this Order, Respondent must provide Price at no cost with copies of Lodged Documents Numbered 1 through 18, inclusive, as identified in the Notice of Lodging Paper Documents at Docket No. 44, and provide proof of service.

**IT IS FURTHER ORDERED THAT** Price has **thirty (30) days** after Respondent complies with this Order within which to serve and file his Traverse.

**IT IS FURTHER ORDERED THAT** to the extent that Price requests return of his legal papers that were not part of the records in the California state courts, the motion is **DENIED**.

**IT IS FURTHER ORDERED THAT** the motion for a stay is **DENIED** as moot.

Dated:  January 4, 2013.

                                              /s/ James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              United States District Judge