IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL W. PRICE,

                Petitioner,

      vs.

RANDY GROUNDS, Warden, Salinas
Valley State Prison,[1]

          Respondent.

No. 2:11-cv-01315-JKS

ORDER
[Re:  Motion at Docket No. 56]
and
MEMORANDUM DECISION

Gabriel W. Price, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Price is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the Salinas Valley State Prison.  Respondent has answered, but Price has not replied.  At Docket No. 56 Price filed a document entitled "Requesting to Amend First Amended Complaint," and at Docket No. 57 a proposed First Amended Complaint (hereinafter "Amended Petition").

I.  STANDARDS

Leave to amend should be "freely given when justice so requires."[2]  Leave to amend a complaint or petition should be freely given in the absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure

---

[1] Randy Grounds, Warden, Salinas Valley State Prison, is substituted for Matthew Cate, Secretary, California Department of Corrections and Rehabilitation.  FED. R. CIV. P. 25(c).

[2] FED. R. CIV. P. 15(a)(2).

deficiencies by amendments previously allowed, undue prejudice to the opposing party by

allowing the amendment, or futility of amendment.[3]  In this case, as more fully explained below

in Part III, allowing an amendment would be futile.

> Claims brought in an amended petition for a writ of habeas corpus relate back
> to the original petition if they arise out of "a common 'core of operative facts' uniting
> the original and newly asserted claims."  *Mayle v. Felix,* 545 U.S. 644, 659, 125 S.
> Ct. 2562, 162 L. Ed. 2d 582 (2005).  "An amended habeas petition . . . does not relate
> back . . . when it asserts a new ground for relief supported by facts that differ in both
> time and type from those the original pleading set forth."  *Id.* at 650, 125 S. Ct.
> 2562.[4]

For the most part, Price's proposed Amended Petition either reiterates matters raised in his

original Petition or raises claims based upon new facts or new grounds that do not relate back to

the date the original Petition was filed, and are thereby proscribed by the one-year limitation.[5]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" at the time the state court renders its decision or "was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."[6]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

---

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 957 (9th Cir. 2006).

[4] *Schneider v. McDaniel*, 674 F.3d 1144, 1150 (9th Cir. 2012).

[5] 28 U.S.C. § 2244(d).

[6] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

time of the relevant state-court decision,"[7] not circuit precedent.[8]  The holding must also be

intended to be binding upon the states; that is, the decision must be based upon constitutional

grounds, not on the supervisory power of the Supreme Court over federal courts.[9]  Thus, where

holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it

cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[10]

When a claim falls under the "unreasonable application" prong, a state court's application of

Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[11]

The Supreme Court has made clear that the objectively unreasonable standard is a substantially

higher threshold than simply believing that the state court determination was incorrect.[12]

"[A]bsent a specific constitutional violation, federal habeas review of trial error is limited to

---

[7] *Williams*, 529 U.S. at 412; *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011) (dictating that the clearly-established law must have existed at the time that the last state court was presented and addressed the claim on the merits).

[8] *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam) (holding that "clearly established federal law, as determined by the Supreme Court" does not include circuit precedent (citing *Renico v. Lett*, 559 U.S. 766, 777-79 (2010))).

[9] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[10] *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[11] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

[12] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[13]

In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[14]  Because state-court judgments of conviction and sentence carry a presumption of finality and legality, Price has the burden of showing by a preponderance of the evidence that he merits habeas relief.[15]

The Supreme Court recently underscored the magnitude of the deference required:

As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[16]

---

[13] *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[14] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[15] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)); *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[16] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added); *Felkner v.*

(continued...)

In applying this standard, this Court reviews the last reasoned decision by the state court.[17]  State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[18]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[19]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  "The new petition, however, must be confined to claims raised in the initial petition."[20]  If denied relief by the court of appeal, Price had the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[21]  This is considered the functional equivalent of the appeal process.[22]  Under AEDPA, the state court's

---

[16](...continued)
*Jackson*, 131 S. Ct. 1305, 1307 (2011) ("On federal habeas review, AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." (internal quotations omitted)).

[17] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[18] *Ylst v. Nunnemaker*, 501 U.S. 797, 802-03 (1991).

[19] *Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[20] *Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011) (citing *In re Martinez*, 209 P.3d 908, 915 (Cal. 2009) ("The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment.")).

[21] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[22] *Id.* at 222.

findings of fact are presumed to be correct unless Price rebuts this presumption by clear and convincing evidence.[23]  This presumption applies to state trial courts and appellate courts alike.[24]

## II.  BACKGROUND/PRIOR HISTORY

Price was convicted by a Placer County jury of six counts of child molestation with a prior (Penal Code §§ 647.6, 288(a));[25] five counts of a lewd act on a child (Penal Code § 288(c)(1)); and three counts of unlawful sexual intercourse with a child (Penal Code § 261.5(d)).  The Placer County Superior Court found true a prior sex offense conviction (Penal Code § 667.51(a), (b)) and three prior prison terms (Penal Code § 667.5(b)).  The Superior Court sentenced Price to an aggregate prison term of thirty-two (32) years.  The California Court of Appeal, Third Appellate District, affirmed Price's conviction and sentence in an unpublished decision,[26] and the California Supreme Court denied review on May 12, 2010.

While his direct appeal was pending, Price, appearing *pro se*, filed a petition for habeas relief in the Placer County Superior Court, which was denied in a reasoned decision on June 9, 2009.[27]  On July 29, 2010, Price, again appearing *pro se*, filed a petition for habeas relief in the California Court of Appeal, Third Appellate District, which was summarily denied without

---

[23] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[24] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) (citing *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2012)).

[25] All references to the Penal Code herein are to the California Penal Code.

[26] *People v. Price*, C060081, 2010 WL 719478 (Cal. Ct. App. Mar. 3, 2010).  The appellate court did direct a non-material correction to a stayed sentence on the abstract of judgment.

[27] In this Petition Price stated as his ground:  "Petitioner is at (Third Appellate District) and cannot proceed without transcripts (jury voir dire/sentencing/probation reports/trial[).]"  Price provides no further facts or basis for relief.

opinion or citation to authority on August 5, 2010.[28]  Price timely filed his Petition for relief in this Court on May 10, 2011.

While his Petition was pending before this Court, on July 5, 2011, Price filed his second petition for habeas relief in the Placer County Superior Court, which was denied in an unreported, reasoned decision.  The California Court of Appeal summarily denied Price's habeas petition without opinion or citation to authority; and the California Supreme Court also summarily denied relief without opinion or citation to authority on March 21, 2012.

On direct appeal, the California Court of Appeal summarized the facts underlying Price's conviction:

> On November 20, 2007, 14-year-old S.H. met with some friends to "hang out" in Lincoln.  [Price], whom S.H. had met once before, was there.  While they were hanging out, S.H. and one of the other females, Roseanne B., had a discussion about S.H.'s age because S.H. had asked Roseanne for a cigarette.  Roseanne had refused because S.H. was under age.  [Price] was sitting across from Roseanne and S.H. during the discussion and appeared able to hear the exchange.  At one point, [Price] asked S.H. her age and she told him she was 14 years old.  S.H. asked [Price's] age and either Roseanne or [Price] told her he was 21.  [Price] was actually 34 years old.  Thereafter, Roseanne saw S.H. and [Price] kissing.  As Roseanne was leaving, she told [Price], "Dude, she's only 14.  Don't do it because you could get in trouble."  After Roseanne left, several other people saw [Price] and S.H. kissing.
>
> Later that evening, S.H., [Price], and one of the friends took a bus back to Rocklin.  The friend got off the bus and [Price] and S.H. continued on to an apartment complex where [Price's] brother and another friend both lived.  [Price] told S.H. to tell everyone they met she was 18 years old because if they knew she was under 18, he would get into a lot of trouble.
>
> When they arrived at the apartment complex, they sat in a car in the parking lot.  While they were talking, [Price] started blowing in S.H.'s ear.  She told him

---

[28]  In this Petition Price stated:  "Please grant me a 180 days [*sic*] extension on case No. 62-75345, appeal no. C060081 until I exhaust my remedies on my 602 appeal, 'etc.'"  Case No. 62-75345 is the case number of the case in the trial court, while C060081 is the number assigned by the California Court of Appeal on direct appeal.  Price's 602 appeal had to do with his lost records; however, his petition for review in the California Supreme Court was filed by counsel on March 30, 2010, and the Supreme Court had denied review on May 12.

something to the effect of "that turns me on."  They began to kiss, then took their clothes off and had sexual intercourse.  They put their clothes back on and stayed in the car.  After awhile they again had sexual intercourse.

[Price's] brother came outside and told them they could come inside the apartment.  [Price] and S.H. went inside and watched a movie.  While inside the apartment, S.H. also allowed [Price] to take pictures of her exposed breasts with his cell phone.  After a couple of hours, everyone went to bed, and S.H. and [Price] folded out the couch to go to sleep. S.H. had told the individuals in the apartment that she was 18 years old.  Before going to sleep, [Price] and S.H. had sexual intercourse a third time.

The next morning, [Price] and S.H. showered, [Price] ate breakfast, and they then took a bus to Auburn so [Price] could check in with his parole officer.  S.H. waited for [Price] at a nearby Taco Bell while [Price] went in the parole officer's office.  [Price] and S.H. then took the bus back to Rocklin.  Later that day, S.H. received a call on her cell phone from her mother, who said she needed to come home.  S.H.'s cell phone battery died so she used [Price's] cell phone to call her mother back.  [Price] then received a threatening call from S.H.'s mother's friend.  At this point, [Price] and his brother agreed S.H. needed to go home, so [Price's] brother drove her home.

When S.H. was subsequently interviewed by police, she did not tell them about the photographs [Price] took of her breasts.  In fact, she did not want to tell the police anything because [Price] had not forced her to have sex.  Police took possession of S.H.'s underwear for DNA testing and had [Price's] brother make a pretext call to [Price].

[Price] was on active parole through Global Positioning System (GPS) ankle monitoring at the time police tried to arrest him.  As the officers attempted to arrest [Price], he ran away, evaded the police and then took off the ankle monitor.  He was arrested the next day after again attempting to escape.  After his arrest, law enforcement officers requested and obtained two search warrants to search his cell phone.[29]

In his Petition before this Court, Price raises ten grounds:  (1) jury tampering; (2) juror misconduct; (3) ineffective assistance of trial and appellate counsel (failure to cross-examine witnesses, failure to raise issues on appeal); (4) incompetency at the time of trial; (5) ineffective assistance of trial counsel (failure to obtain sentencing within twenty-eight days); (6) violation of Double Jeopardy Clause and ineffective assistance of both trial and appellate counsel for failure

_____

[29] *Id.* at *1-2.

8

to raise the issue; (7) prosecutorial misconduct; (8) the state interfered with Price's access to the courts (loss of legal papers); (9) the victim and witnesses were present in courtroom during jury selection; and (10) Price was denied access to evidence that indicated the victim presented identification that she was eighteen years old.

January 17, 2012 – Respondent answered.[30]

February 17, 2012 – Price requested a stay and abeyance while he exhausted newly discovered grounds.[31]

July 17, 2012 – Noting that the California Supreme Court had denied his second round habeas petition on May 12, 2012, thereby exhausting Price's state court remedies, this Court denied the stay and abeyance and granted Respondent leave to file a supplemental answer.[32]

October 19, 2012 – Respondent filed its Supplemental Answer contending that, except for Price's third and fifth grounds (ineffective assistance of counsel claims), Price's claims are unexhausted.  Respondent further contended that Price's claims are procedurally defaulted.[33]

November 21, 2012 – Price moved to stay this proceeding because the State had lost his legal papers during his relocation to a new prison.[34]

---

[30] Docket No. 27.

[31] Docket No. 34.

[32] Docket No. 38.

[33] Docket No. 43.

[34] Docket No. 47.

January 7, 2013 – This Court ordered Respondent to provide Price with copies of designated lodged documents and granted Price 30 days after the Respondent complied to file his reply.[35]

February 27, 2013 – This Court granted Price's request to extend the time within which to file a reply to May 20, 2013.[36]

August 6, 2013 – This Court granted Price's request to extend the time within which to file his reply to August 20, 2013.[37]

August 20, 2013 – Price filed his motion for leave to file an amended complaint.[35]  In his proposed Amended Petition, Price raises six grounds: the first, second, fourth, and fifth grounds all allege denial of the effective assistance of counsel (alleging a veritable laundry list of alleged errors by both pre-trial and trial counsel); the third ground challenges the denial of a motion to suppress;[36] and the sixth ground contends the state interfered with Price's access to the courts (loss of legal papers).

## III.  DISCUSSION

Price did not raise any of the grounds now before this Court in either his direct appeal or his initial state habeas proceeding.[37]  To the extent he raised the claims raised before this Court in

---

[35] Docket No. 50.

[36] Docket No. 53.

[37] Docket No. 55.

[35] Docket Nos. 56, 57.

[36] Price did not raise this ground in his original Petition.

[37] Although Price did raise an ineffective assistance of trial counsel claim on direct appeal, he did so on entirely different facts than he presents to this Court.

the state courts, he did so in his second round of state habeas proceedings.  In that round Price

raised but a single ground:  ineffective assistance of trial and appellate counsel on various and

sundry allegations.  In the only reasoned state-court decision in Price's second round state-court

habeas proceeding, the Placer County Superior Court denied relief, holding:

> The petition for Writ of Habeas Corpus is denied for the reason that [Price] fails to present sufficient grounds for relief as requested.
>
> [Price] bears the burden of stating a prima facie case showing that he is entitled to relief by way of petition for writ of habeas corpus. (*In re Bower* (1985) 38 Cal.3d 865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875, fn. 4.)  In that regard, [Price] is obliged to state with particularity the facts upon which the petition is based; vague, conclusary [*sic*] allegations are insufficient to warrant issuance of a writ. (*In re Swain* (1949) 34 Cal.2d 300, 302.)  [Price] has the burden of proving the facts upon which he bases his claim for relief.  (*In re Riddle* (1962) 57 Cal.2d 848, 852.) The petition should attach as exhibits all reasonably available documentary evidence or affidavits supporting the right to relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)  "Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing." (*People v. Karis* (1988) 46 Cal.3d 612, 656.)
>
> [Price] raises a number of claims in the current petition, alleging that his trial and appellate counsel gave ineffective representation.  First, [Price] was convicted of his underlying charges in September 2008.  No satisfactory explanation was given regarding the nearly three-year delay in bringing this writ.  Furthermore, none of these allegations were raised in an earlier petition for writ of habeas corpus filed May 22, 2009; [Price] is not entitled to bring successive writ petitions.
>
> Second, the petition fails to show that any of his attorneys gave him ineffective representation at any stage of the trial or appellate process.  [Price] first contends that Richard Kohl was ineffective because of certain "derogatory remarks" made in the course of a *Marsden* hearing.  [Price] fails to provide the court with the specifics of the statements made by counsel.  Furthermore, he totally fails in his obligation to demonstrate that such statements effected [*sic*] the outcome of the hearing.
>
> [Price] next contends his trial attorney, Barry Rekoon, was ineffective regarding a number of matters, including failure to investigate potential juror misconduct, failure to raise issues regarding the failure of the prosecution to disclose favorable evidence, failure to cross-examine witnesses on specified issues, and failure to properly deal with an alleged improper continuance of his sentencing date. Not only does [Price] fail to present facts sufficient to show that his trial counsel fell below the standard of care in conducting [Price's] defense, but he wholly fails to show that but for the alleged ineffective assistance, the outcome of the trial would be any different.

He contends his appellate counsel was ineffective because of an alleged refusal to prepare or assist in [Price's] preparation of a writ of habeas corpus in this case because of ineffective assistance of trial counsel.  As [Price] has failed to demonstrate that he has any legitimate basis for habeas relief based on the conduct of trial counsel, he cannot successfully contend his appellate attorney fell below the standard of care in not filing or assisting [Price] in the filing of a writ petition.

[Price] also contends he received ineffective assistance of counsel on appeal because of an alleged failure to raise sentencing error under the U.S. Supreme Court decision in *California v. Cunningham*.  He directly challenges the sentencing on the same basis.  The allegations relate to the imposition of the upper term on Count 6.  Contrary to [Price's] assertions, the judge did not rely on any factors that would be improper under the Sixth Amendment.  The sentencing transcript on page 10, lines 7 through 12, reflect that the upper term was imposed because of numerous prior adult and juvenile convictions, three prior prison terms, and multiple  parole violations.  None of these factors require a jury's decision.

[Price] makes several other allegations too vague to justify any relief.

For the foregoing reasons, the petition for writ of habeas corpus is denied.

## A.      Adequacy of Petition

Price's Petition before this Court suffers from the same infirmity as did his Petition in the

state courts:  a paucity of supporting facts.  The petition must specify all the grounds for relief

available to the petitioner and the facts supporting each ground.[38]  As the Supreme Court has

stated:

> Habeas Corpus Rule 2(c) is more demanding [than notice pleading under Federal Rule of Civil Procedure 8(a)(2)].  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . .");  Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).  Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
>
> > **"<u>CAUTION</u>:  You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And**

---

[38] Rules—Section 2254 Cases, Rule 2(c).

**you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**"  Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P. 685 (2000 ed., Supp. V) (emphasis in original).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).[39]

Price bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.[40]  Throughout his Petition, Price cites legal principles that if violated would possibly entitle him to relief, but does not describe how those legal principles were violated in his case or how that violation somehow prejudiced him.[41]

For example, in his first ground Price alleges that a juror found something in his folder that should not have been there but fails to identify that item or how it affected the outcome or otherwise prejudiced Price.  In his second ground he also alleges that a daughter of one of the jurors was a friend of one of the witnesses in the trial, without identifying any of the individuals involved or the extent, if any, to which the juror and the witness may have been acquainted.

In his third ground he alleges that his counsel was ineffective in failing to cross-examine witnesses and unspecified issues on appeal and that Price "did not understand anything" during his trial.  Price does not identify the questions that should have been asked or the issues that

---

[39] *Mayle*, 545 U.S. at 655-56.

[40] *Pinholster*, 131 S. Ct. at 1398 (citing *Visciotti*, 537 U.S. at 25).

[41] It is noted that Price's Petition was prepared by a "jailhouse lawyer."

13

should have been raised.  Although Price alludes to the rule concerning advice regarding pleas, he does not provide any explanation of how that rule applies to his case.  Under *Strickland*, to demonstrate ineffective assistance of counsel, Price must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[42]  Other than to point to the alleged deficient performance, Price has made no attempt to establish either prong.[43]  This Court also notes that attached to his state court habeas petitions are copies of five letters totaling 14 pages addressed to Price from his appellate counsel addressing his concerns; in each case, Price was given the reasons that his arguments were not borne out by the record.[44]  In short, the evidence in the record before this Court refutes Price's contentions as to the adequacy of his representation in the state courts.

In his fourth ground Price contends that he was incompetent at the time of trial, i.e., on medication with a history of head injuries, hearing voices, and seeing dead people and shadows. Not only does it appear that Price did not raise this claim in the state courts, but he provides no documentary or other evidence to establish his contention.  Price's fifth ground simply alleges that counsel had an unidentified conflict of interest that prevented him from holding the sentencing hearing within twenty-eight days, without further explanation of how this alleged delay somehow prejudiced Price.  Price's sixth ground, double jeopardy, is totally devoid of any factual assertions, particularly as to how and to what extent he was twice placed in jeopardy for

---

[42] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[43] *See id.* at 697.

[44] Price's petitions in the appellate courts contained the same documents.

the same crime.  Likewise, Price's seventh ground, which appears to allege judicial coverup of prosecutorial misconduct, lacks any factual allegations.

The record does reflect that the California Department of Corrections lost Price's legal papers at some point on or after May 24, 2010, the date of his transfer from the California State Prison, Los Angeles County, to the California Substance Abuse Treatment Facility.  As of that date, however, briefing in Price's direct appeal in the California appellate courts had been concluded.  Consequently, the lack of his legal documents did not in any way preclude Price from pursuing his direct appeal.  Thus, that Price's eighth ground (interference with access to the courts) could have prejudiced him is stripped of any plausible factual support as related to his direct appeal.

With respect to the ninth ground, as with other claims, Price alleges that the victim and witnesses were improperly present during jury selection, but does not make any argument that their presence somehow prejudiced the jury.  There is no allegation that, other than their testimony at trial, the victim and witnesses had any direct or indirect contact, proper or improper, with any member of the jury.  Indeed, it is common practice during jury selection to inquire of the jury venire whether any of them knew the defendant, the victim, or witnesses.

In his tenth ground, Price contends that there were two witnesses who could have testified that the victim showed them (the witnesses) identification that she (the victim) was eighteen or nineteen years old.  Because there is no contention that the victim showed Price false identification, how this "testimony" would have assisted Price is both unexplained and inexplicable.

15

In his proposed Amended Petition Price does allege additional "facts" and supports those facts by citation to the record. Those additional "facts" are either untimely, or, when viewed in the context of the ground asserted, simply do not support the grant of habeas relief. More importantly, the proposed Amended Petition completely ignores the exhaustion/procedural bar defenses asserted by Respondent in the answer, which as discussed in subpart III. B, below, are dispositive of the Petition.

**B.      Exhaustion/Procedural Bar**

This Court may not consider claims that have not been fairly presented to the state courts.[45] Unexhausted claims must be dismissed.[46] Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[47] A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[48] A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.[49]

---

[45] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[46] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[47] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[48] *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).

[49] *Duncan,* 513 U.S. at 365-66.

16

A citation to *Swain* in the state court opinion is an indication that the claims have not been cited with sufficient particularity.  That deficiency, however, may be cured in a renewed petition.[50]  This is deemed to be a denial on procedural grounds, leaving the state remedies unexhausted.[51]  A citation to *Duvall* is an indication that the claims fail because they not only are merely conclusory and unsupported by a factual explanation, but also lack reasonably available documentary evidence where appropriate.[52]  A *Swain*/*Duvall* dismissal affords the petitioner with the opportunity to refile an amended pleading curing the procedural deficiencies.[53]  That does not necessarily end the matter.  Despite the fact that the California courts denied the claim for procedural deficiencies, this Court must nonetheless determine whether the "federal standard of 'fair presentation' of a claim to the state courts has been met [by] independently [examining Price's] petition to the California [courts]."[54]  Here, except for his ineffective assistance of counsel claims, Price did not raise in the California courts any of the claims he raises before this Court.  Notably, Price did not raise his first, second, fourth, sixth, seventh, eighth, and tenth grounds, either directly or inferentially in connection with his ineffective assistance of counsel claims, before the state courts.   Consequently, those claims are totally unexhausted.

---

[50] *Ex parte Swain*, 209 P.2d 793, 795-96 (Cal. 1949).

[51] *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc).  The same rule applies whether the denial is as a result of a new original petition in the California Supreme Court or the denial of a petition for review.  *McQuown v. McCartney*, 795 F.2d 807, 810 (9th Cir. 1986).

[52] *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995).

[53] *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006), *as recognized in Waldrip v. Hall*, 548 F.3d 729 (9th Cir. 2008).

[54] *Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986).

A federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[55] "The state-law claim may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits."[56] Procedural default does not preclude federal habeas review unless the last state court rendering judgment in a case clearly and expressly states that its judgment rests on a state procedural bar.[57] "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[58]

It is firmly established under California law that "habeas corpus will not lie as a substitute for appeal . . . nor as a second appeal."[59] Contentions that could have been raised during direct appeal, but were not, generally cannot be renewed in a habeas petition.[60] Likewise, under California law, "delayed and repetitious presentation of claims is an abuse of the writ."[61]

It is the policy of this court to deny an application for habeas corpus which is based upon grounds urged in a prior petition which has been denied, where there

---

[55] *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

[56] *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).

[57] *Teague v. Lane*, 489 U.S. 288, 298-99 (1989) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)).

[58] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (citation omitted).

[59] *In re Harris*, 855 P.2d 391, 396 (Cal. 1993) (citing *In re Foss*, 519 P.2d 1073 (Cal. 1974); (*In re Terry*, 484 P.2d 1375 (Cal. 1971); *In re Waltreus*, 397 P.3d 1001 (Cal. 1965); *In re Spears*, 204 Cal. Rptr. 333 (Cal. Ct. App. 1984); *In re Wagner*, 173 Cal. Rptr. 766 (Cal. Ct. App. 1981)).

[60] *Ex parte Dixon*, 264 P.2d 513, 514 (Cal. 1953).

[61] *In re Clark*, 855 P.2d 729, 741 (Cal. 1993).

is shown no change in the facts or the law substantially affecting the rights of the petitioner.  [Citations.]  And as to the presentation of new grounds based on matters known to the petitioner at the time of previous attacks upon the judgment, in *In re Drew* (1922) 188 Cal. 717, 722 [207 P. 249], it was pointed out that the applicant for habeas corpus "not only had his day in court to attack the validity of this judgment, but ... had several such days, on each of which he could have urged this objection, but did not do so"; it was held that "The petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose."[62]

In this case, despite the lack of a pinpoint citation, the Placer County Superior Court clearly relied on the "abuse of the writ" doctrine.  While this Court agrees that Price was procedurally barred from bringing claims in his second state-court habeas proceeding to the extent he raised or could have raised them on direct appeal, the Court is nonetheless not inclined to preclude review of Price's claims based upon a perceived successive application for habeas relief.  In his first state-court habeas "round" Price did not seek the type of relief normally the subject of a habeas petition, i.e., release from an unlawful incarceration.  Instead, Price simply requested procedural relief in pursuing his direct appeal.  As do federal courts, California courts follow the general principle that documents filed by prisoners appearing *pro se* are to be liberally construed so as to accomplish justice.[63]  The nature of a court proceeding is determined by the relief requested, not the title the party may use.

To the extent that the Placer County Superior Court held that Price's second habeas petition was untimely, this determination stands on different footing.  Under *Robbins*, "[A] habeas corpus petition is not entitled to a presumption of timeliness if it is filed more than 90

---

[62] *Id.* (quoting *In re Horowitz*, 203 P.2d 513, 521 (Cal. 1949)).

[63] *See, e.g., In re Jordan*, 840 P.2d 983, 993 n.9 (Cal. 1992); *In re Serna*, 143 Cal. Rptr. 350, 354 n.3 (Cal. Ct. App. 1978).

days after the final due date for the filing of appellant's reply brief on the direct appeal."[64]

California's untimeliness rule under *Robbins* is an adequate and independent state procedural ground.[65]   In applying *Robbins*, the California Supreme Court has held:

> Our rules establish a three-level analysis for assessing whether claims in a petition for a writ of habeas corpus have been timely filed.  First, a claim must be presented without *substantial delay.*   Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate *good cause* for the delay.  Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of *four narrow exceptions:* "(i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (ii) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; (iii) that the death penalty was imposed by a sentencing authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death; or (iv) that the petitioner was convicted or sentenced under an invalid statute."  The petitioner bears the burden to plead and then prove all of the relevant allegations.[66]

In this case, Price filed his final reply brief in the California Court of Appeal on July 29, 2009.  Under *Robbins*, to be timely, Price must have filed his state-court habeas petition not more than 90 days later, or by October 27, 2009.  Price made no attempt to show that his second state-court habeas petition, in which he raised his ineffective assistance of counsel claims, filed nearly two years later on July 5, 2011, was timely.[67]  Consequently, because his second habeas petition

---

[64] *In re Robbins*, 959 P.2d 311, 317 (Cal. 1998).

[65] *Walker v. Martin*, 131 S. Ct. 1120, 1127-30 (2011) (*abrogating Townsend v. Knowles*, 562 F.3d 1200 (9th Cir. 2009)); *see also In re Reno*, 283 P.3d 1181, 1208 (Cal. 2012) (noting that *Martin* correctly states California law).

[66] *Reno*, 283 P.3d at 1207-08 (emphasis in the original) (citations omitted).

[67] The loss of his papers by the Department of Corrections might have constituted an adequate basis for the delay.  However, that did not occur until May 2010, more than six months *after* Price's time to file his state-court habeas petition had lapsed.  As a point of clarification, the
(continued...)

was untimely, Price was procedurally barred from bringing those claims and is now precluded from asserting those claims in a federal habeas proceeding.

## V.  CONCLUSION AND ORDER

Even if Price were granted leave to file his proposed Amended Petition, he is not entitled to relief on any ground raised in either his Petition or his proposed Amended Petition.   Price has had nearly six (6) months to respond to the Answer, yet Price has not filed a reply.  Instead, Price seeks to file an Amended Petition that does nothing to obviate the defenses Respondent clearly raised in the Answer.  Because Price has been provided ample opportunity to reply and it does not appear that there is any reasonable probability that Price can avoid Respondent's properly-raised affirmative defenses, allowing this matter to continue by granting Price additional time to file a reply would not be in the interests of either the parties or judicial efficiency.  Accordingly,

**IT IS THEREFORE ORDERED THAT** the request to file an amended petition at Docket No. 56 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

---

[67](...continued)
Court notes that, at the time it entered the Order at Docket No. 50 compelling Respondent to provide Price with copies of the lost records, it had not reviewed the entire record. Consequently, nothing in that Order should be construed as either binding this Court or contrary to this decision.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[68]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[69]

The Clerk of the Court is to enter judgment accordingly.

Dated:  September 6, 2013.

$\qquad$ /s/ James K. Singleton, Jr. $\qquad$
JAMES K. SINGLETON, JR.
United States District Judge

---

[68] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[69] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.